**STATE of Delaware,**

v.

**Brian L. HEARN, Defendant.**

Id. No. 9608001593.

Superior Court of Delaware,
Kent County.

Submitted: Feb. 6, 1997.
Decided: April 4, 1997.

Michael W. Teichman, Deputy Attorney General, Department of Justice, Dover, for the State.

Sandra W. Dean, Dover, for Defendant.

RIDGELY, President Judge.

### I. BACKGROUND

Brian L. Hearn ("Defendant") is accused of committing physical and sexual abuse against his seven year old niece. He stands charged with Assault in the Second Degree, 11 *Del. C.* § 612, four counts of Unlawful Sexual Contact in the First Degree, 11 *Del. C.* § 769, and Continuous Sexual Abuse of a Child, *11 Del. C.* § 778. His niece has made out-of-court statements concerning the al-

---

15. *Wife (J.F.V.) v. Husband (O.W.V., Jr.),* Del. Supr., 402 A.2d 1202, 1204 (1979).

leged offenses. The State has moved *in limine* to have these statements admitted at trial on the grounds that the alleged victim is unavailable to testify and that her statements contain particularized guarantees of trustworthiness. She currently lives with her father in Maryland at an address known to the prosecution. Prosecutors have asked her father to bring her to Delaware so that she can testify against Defendant, but her father has declined to do so. No effort has been made to secure her presence through Delaware's *Uniform Law to Secure the Attendance of Witnesses from Without a State in Criminal Proceedings*, 11 *Del. C.* § 3523.[1] Nor is there any evidence that the alleged victim is otherwise "unavailable to testify" but for her out-of-state residence and her father's reluctance to bring her to Delaware. For the reasons which follow, I hold on the facts of this case that the State's motion must be denied without prejudice. An effort must be made to secure the witness' attendance through the Uniform Law.

## II. DISCUSSION

Delaware's "tender years" statute permits the admission of an out-of-court statement of a child under age 11 concerning a material element of an offense relating to physical or sexual abuse when the court determines that (1) the child is "unavailable to testify" and (2) the child's out-of-court statement possesses "particularized guarantees of trustworthiness."[2] A child victim may be found unavailable to testify in cases of the "child's absence from the jurisdiction."[3] This statute is "an important tool in the prosecution of child sexual abuse cases."[4] At issue here is whether the Confrontation Clauses of the U.S. and Delaware Constitutions[5] require on the facts of this case that process issue under 11 *Del. C.* § 3523 before the alleged out-of-

1. 11 *Del. C.* § 3523(a) provides:

    If a person in any state, which by its laws has made provision for commanding persons within its borders to attend and testify in criminal prosecutions or grand jury investigations commenced or about to commence in this State, is a material witness in a prosecution pending in a court of record in this State or in a grand jury investigation which has commenced or is about to commence, a judge of such court may issue a certificate under the seal of the court stating these facts and specifying the number of days the witness will be required. The certificate may include a recommendation that the witness be taken into immediate custody and delivered to an officer of this State to assure attendance in this State. This certificate shall be presented to a judge of a court of record in the county in which the witness is found.

2. 11 *Del. C.* § 3513. **Hearsay exception for child victim's out-of-court statement of abuse**, provides in pertinent part:

    (a) An out-of-court statement made by a child under 11 years of age at the time of the proceeding concerning an act that is a material element of the offense relating to sexual abuse, or physical abuse ... that is not otherwise admissible in evidence is admissible in any judicial proceeding if ...:
    \* \* \*
    (2)a. The child is found by the court to be unavailable to testify on any of these grounds:
    1. The child's death;
    2. The child's absence from the jurisdiction;
    3. The child's total failure of memory;
    4. The child's persistent refusal to testify despite judicial requests to do so;
    5. The child's physical or mental disability;
    6. The existence of a privilege involving the child;
    7. The child's incompetency, including the child's inability to communicate about the offense because of fear or a similar reason; or
    8. Substantial likelihood that the child would suffer severe emotional trauma from testifying at the proceeding or by means of a videotaped deposition or closed-circuit television; and

    b. The child's out-of-court statement is shown to possess particularized guarantees of trustworthiness.

3. *Id.*

4. *McGriff v. State*, Del.Supr., 672 A.2d 1027, 1029 (1996).

5. The Sixth Amendment to the United States Constitution provides in pertinent part:

    In all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him ...

    Article I, Section 7 of the Delaware Constitution provides in pertinent part:

    In all criminal prosecutions, the accused hath a right ... to meet the witnesses in their examination face to face ...

state victim may be found to be unavailable under § 3513.

In *State v. Krick*,[6] this Court recognized that the admission of out-of-court statements of an unavailable child witness under 11 *Del. C.* § 3513 implicates the Confrontation Clauses of both the United States and Delaware Constitutions.[7] The United States Supreme Court has held that: "a witness is not 'unavailable' for purposes of . . . the exception to the confrontation requirement unless the prosecutorial authorities have made a good faith effort to obtain [her] presence at trial."[8] In *Ohio v. Roberts*,[9] the Supreme Court elaborated on what this means:

> The law does not require the doing of a futile act. Thus, if no possibility of procuring the witness exists (as, for example, the witness' intervening death), "good faith" demands nothing of the prosecution. But if there is a possibility, albeit remote, that affirmative measures might produce the declarant, the obligation of good faith may demand their effectuation. The lengths to which the prosecution must go to produce a witness . . . is a question of reasonableness. The ultimate question is whether the witness is unavailable despite good-faith efforts undertaken prior to trial to locate and present that witness. As with other evidentiary proponents, the prosecution bears the burden of establishing this predicate.[10]

While the efforts of the State to persuade the custodial parent to bring the alleged victim to Delaware to testify have been done in good faith, there is more that the State can reasonably do. Both Delaware and Maryland have enacted statutes that can be used to secure the attendance of witnesses from without those states to attend and testify in criminal proceedings.[11] The Maryland statute allows a court to direct a witness to attend and testify in Delaware when the judge determines that "the witness is material and necessary, that it will not cause undue hardship to the witness to be compelled to attend and testify . . . [and the witness will receive] protection from arrest and service of criminal process."[12]

The obvious distinction between a Delaware prosecutor's request of a Maryland citizen to come to Delaware and a Maryland court's directive to that citizen to do so is the Maryland court's authority and jurisdiction to sanction disobedience. Because the possibility of procuring the child witness is not so remote here as to be futile, it is reasonable to require the State to seek the assistance of a Maryland court as a predicate to its present motion. In requiring this action, the Court is sensitive to the circumstances represented by the State, namely that the father of the alleged victim is concerned over the effect that returning his daughter to Delaware for a trial would have upon her. A remedy exists for that concern. If a substantial likelihood that the alleged victim would suffer severe emotional trauma from testifying is shown to this Court, the child will be deemed unavailable to testify under 11 *Del. C.* § 3513(b)(2)a.8. If that is in fact the case, then the State may seek relief on that ground supported by expert testimony as the statute requires.[13]

## III. CONCLUSION

On the present record, I do not find the alleged victim to be unavailable to testify for purposes of the exception to the confronta-

---

6. *State v. Krick*, Del.Super., 643 A.2d 331 (1993).

7. *Id.* at 338.

8. *Barber v. Page*, 390 U.S. 719, 724–725, 88 S.Ct. 1318, 1321–22, 20 L.Ed.2d 255 (1968).

9. *Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980).

10. *Id.* at 74–75, 100 S.Ct. at 2543–44 (citations omitted).

11. 11 *Del. C.* §§ 3521–3526 and Maryland Code Annotated, CJ §§ 9–301 –9–306.

12. Maryland Code § 9–302(b).

13. 11 *Del. C.* § 3513(c) provides:

> A finding of unavailability under subsection (b)(2)a.8. of this section must be supported by expert testimony.

tion requirements of the United States and Delaware Constitutions. This finding makes unnecessary a determination of whether the alleged victim's out-of-court statements possess particularized guarantees of trustworthiness. For these reasons, the State's Motion to Admit Hearsay Testimony Under 11 *Del. C.* § 3513 is ***denied without prejudice.***

**IT IS SO ORDERED.**