Cedric K. McGRIFF, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

No. 117, 1994.

Supreme Court of Delaware.

Submitted: Dec. 19, 1995.
Decided: Feb. 23, 1996.

Edmund M. Hillis, Assistant Public Defender, Office of the Public Defender, Wilmington, for appellant.

Timothy J. Donovan, Jr., Deputy Attorney General, Department of Justice, Wilmington, for appellee.

Before VEASEY, C.J., and WALSH, HOLLAND, HARTNETT, and BERGER, JJ., constituting the Court en banc.

WALSH, Justice:

In this appeal from the Superior Court, defendant below/appellant, Cedric K. McGriff ("McGriff"), claims a violation of his right to confront the witness against him, as protected by the United States and Delaware Constitutions. McGriff was convicted on separate charges of Unlawful Sexual Intercourse First Degree and Unlawful Sexual Contact Second Degree and sentenced to life imprisonment. The alleged victim was McGriff's five year old daughter ("the child"). The child initially gave limited testimony to the jury before the trial judge determined that she was "unavailable" to testify further and, as permitted by 11 *Del.C.* § 3513, admitted the child's out-of-court statements. We conclude that, because McGriff was not given the opportunity to cross-examine the child before the jury, the Superior Court's finding of unavailability under the circumstances violated his right to confront the witness. Accordingly, we reverse the conviction and remand this case for additional proceedings consistent with this opinion.

I

At the time of the alleged offenses, the child was enrolled in a special education program for retarded children. The initial charges were based on several statements the child made to teachers and other persons at her school.

The child made several comments over a period of six months that made reference to sexual abuse by her father. The initial statements were made in the summer of 1992 and were generally phrased in terms consistent with the child's age and development. The Division of Child Protective Services ("DCPS") was called in to investigate, but a social worker who interviewed the child decided not to pursue the matter in view of the child's equivocal answers.[1] When the child continued to make similar statements to her teachers, DCPS again became involved and contacted the police. A police detective interviewed the child and arranged for a physical examination by a physician. That examination was inconclusive on the question of whether the child had been sexually abused. Nonetheless, McGriff was arrested and subsequently indicted on a charge of Unlawful Sexual Intercourse First Degree and two counts of Unlawful Sexual Intercourse Second Degree.

At trial, the State called the child as its first witness. The trial judge had previously conducted a *voir dire* examination of the child, out of the presence of the jury, and had ruled that the child, then seven years of age, was competent to testify. Arrangements were made to make the child comfortable, by seating her at a small table and allowing a teacher to be with her during questioning. The child responded to many questions by the prosecution regarding peripheral issues, such as her name, where she attended school and the like. She would not answer questions regarding the alleged abuse or her prior out-of-court statements, however, generally responding with "I don't know" or a shrug of her shoulders. This exchange continued for some time in front of the jury, and failed to elicit any testimony regarding either the alleged abuse or her prior statements. On two occasions the trial judge, at the request of the State, left the bench and spoke to the child in an effort to persuade her to answer questions. The child continued to be unresponsive.

The State moved that the court rule the child unavailable to testify under 11 *Del.C.* § 3513 and to declare evidence of the prior out-of-court statements admissible. 11 *Del.C.* § 3513 is Delaware's "tender years" statute, and creates a hearsay exception for a child victim's out-of-court statement of abuse. The statute requires the court to make a specific determination concerning the child's unavailability to testify on any of the following grounds:

1. The child's death;

2. The child's absence from the jurisdiction;

3. The child's total failure of memory;

4. The child's persistent refusal to testify despite judicial requests to do so;

---

1. DCPS had already assigned another social worker to the family, and that involvement continued despite the decision not to pursue the sexual abuse investigation.

5. The child's physical or mental disability;

6. The existence of a privilege involving the child;

7. The child's incompetency, including the child's inability to communicate about the offense because of fear or a similar reason; or

8. Substantial likelihood that the child would suffer severe emotional trauma from testifying at the proceeding or by means of a videotaped deposition or closed-circuit television.

11 *Del.C.* § 3513(b)(2)(a).

The defense was not given the opportunity to cross-examine the witness in front of the jury, despite a request to do so. The trial judge, after direct questioning of the child, declared the child unavailable to testify due to a "total failure of memory," § 3513(b)(2)(a)(3), and a "persistent refusal to testify despite judicial requests to do so," § 3513(b)(2)(a)(4). The court then held a hearing to determine the reliability of the out-of-court statements. Finding that the statements possessed "particularized guarantees of trustworthiness," § 3513(b)(2)(b), the court ruled that all but one of the alleged victim's prior statements were admissible.

## II

It is important to distinguish this case from other child sexual abuse cases that raise Confrontation Clause rights as an issue. In general, "Confrontation Clause cases fall into two broad categories: cases involving the admission of out-of-court statements and cases involving restrictions imposed by law or by the trial court on the scope of cross-examination." *Delaware v. Fensterer*, 474 U.S. 15, 18, 106 S.Ct. 292, 294, 88 L.Ed.2d 15 (1985). Although the issue on appeal here is the defendant's right to cross-examine, child sexual abuse cases generally fall into the first category, and implicate a defendant's rights under the Confrontation Clause because of the admission of out-of-court statements.

Admission of hearsay evidence is sometimes essential in these cases. Prosecuting a child sexual abuse case can be difficult not only because of the secretive nature of the offense but because the strongest evidence available to the State is often the victim's out-of-court statements. If the victim cannot testify in court because of lingering psychological problems or the stress involved in confronting the abuser, the prosecution is left with the hearsay statements as evidence of the defendant's guilt. The typical "tender years" statute, such as 11 *Del.C.* § 3513, allows for the admission of this evidence. Similar statutes have been enacted in many states and are an important tool in the prosecution of child sexual abuse cases. *See generally* Robert G. Marks, Note, *Should We Believe the People Who Believe the Children? The Need for a New Sexual Abuse Tender Years Hearsay Exception Statute*, 32 Harv. J. on Legis. 207 (1995).

Defendants in this first type of case generally argue that the admission of such hearsay, pursuant to the statute, violates their rights under the Confrontation Clause by denying the opportunity to cross-examine the alleged victim. *See, e.g., Feleke v. State*, Del.Supr., 620 A.2d 222 (1993); *Tucker v. State*, Del.Supr., 564 A.2d 1110 (1989); *State v. Krick*, Del.Super., 643 A.2d 331 (1993). 11 *Del.C.* § 3513, illustrative of the basic statutory scheme, requires that the trial court find both that the child is unavailable to testify, pursuant to § 3513(b)(2)(a); and that the proffered out-of-court statements possess "particularized guarantees of trustworthiness," pursuant to § 3513(b)(2)(b). Defendants often focus on these two requirements, arguing that one or the other has not been established.

The present case is distinct from these cases and falls into the second category of Confrontation Clause cases. Although it is factually similar to the first group where the issue is admission of out-of-court statements, the legal issue presented in this case is the scope of cross-examination of a testifying witness allowed by the trial court. The Superior Court's finding of unavailability was based on the in-court testimony and demeanor of the alleged child victim. Although this information was elicited before the jury, the trial court declared the child unavailable without providing defense counsel the opportunity to cross-examine the witness. Cross-

examination may have revealed that the child was in fact not "unavailable" under the requirements of 11 *Del.C.* § 3513.

This case is readily distinguished from those sexual abuse cases involving admission of out-of-court statements after cross-examination occurred. In such cases, the child victim testified in court and was subjected to cross-examination before the hearsay statements were admitted. *Feleke,* 620 A.2d at 224–25; *Tucker,* 564 A.2d at 1113–15. In a recent case, a child was found unavailable in a pretrial hearing where the child did not testify at all. *State v. Krick,* Del.Super., 643 A.2d 331 (1993). In contrast, McGriff's counsel was not afforded the opportunity to cross-examine the testimony which formed the basis for a determination of unavailability and there was no expert testimony offered on the question of unavailability which would itself be subject to cross-examination. The determination of unavailability in this case was based solely on the questioning of the prosecutor and the trial judge with no participation by defense counsel.

### III

■ The right of a criminal defendant to confront the witnesses against him is protected by both the United States and Delaware Constitutions. U.S. Const. amend. VI; Del. Const. art. I, § 7.[2] The right is not absolute, however, and does not require that every witness testify in court in front of the defendant. The admission of hearsay statements may be allowed when required by "considerations of public policy and the necessities of the case." *Mattox v. United States,* 156 U.S. 237, 243, 15 S.Ct. 337, 340, 39 L.Ed. 409 (1895).

■ Nonetheless, when a witness does in fact take the stand in a trial and is questioned by a prosecutor, a defendant must be allowed the opportunity of cross-examination. "[T]he Confrontation Clause guarantees the defendant a face-to-face meeting with witnesses appearing before the trier of fact."

*Maryland v. Craig,* 497 U.S. 836, 844, 110 S.Ct. 3157, 3162, 111 L.Ed.2d 666 (1990) (quoting *Coy v. Iowa,* 487 U.S. 1012, 1016, 108 S.Ct. 2798, 2801, 101 L.Ed.2d 857 (1988)).

■ In the present case, the trial court found that the child witness was unavailable to testify pursuant to 11 *Del.C.* § 3513(b)(2). The trial court made its determination after the witness had testified before the jury, albeit in a somewhat disjointed fashion. Following a lengthy exchange between the prosecutor and the child and direct questioning by the trial judge without any substantive answers to the central issue in the case, the State moved to declare the child unavailable to testify. Despite a request to do so, defense counsel was not given the opportunity to cross-examine the child before the court declared her unavailable.

■ The trial court's finding of unavailability was based on the in-court testimony and conduct of the witness as she appeared before the jury. A denial of the right to cross-examine a witness who actually testifies before a jury is a practice not compatible with a fundamental constitutional right secured by both the United States and Delaware Constitutions. A determination of the trial judge that has its basis in a violation of the Confrontation Clause cannot be upheld. This constitutional defect in the finding of unavailability is grounds for reversal.

We recognize that the child appeared to be an uncooperative witness and the fact that she answered certain questions suggests that she might be "blocking" other disagreeable events from memory. Both the prosecutor and the trial judge attempted to explore the basis for her partial silence but the defendant's counsel was not permitted an opportunity to make a similar attempt. This truncated process had the effect of eliminating cross-examination of an essential witness.

■ Cross-examination may have revealed a different reason for the witness' refusal to testify. We cannot speculate on what the

**2.** The U.S. Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right … to be confronted with the witnesses against him…." U.S. Const. amend. VI. The analogous portion of the Delaware Constitution provides that "[i]n all criminal prosecutions, the accused hath a right … to meet the witnesses in their examination face to face…." Del. Const. art. I, § 7.

result may have been if defense counsel had been permitted to cross-examine the witness. The right of cross-examination does not require a proffer of proof. It is constitutionally secured whenever the witness is offered by the State for direct examination.

The conviction is REVERSED and the matter REMANDED to the Superior Court for further proceedings consistent with this opinion.