Kenneth THOMAS, Defendant Below, Appellant,

v.

STATE of Delaware, Plaintiff Below, Appellee.

No. 109, 1998.

Supreme Court of Delaware.

Submitted: Feb. 2, 1999.
Decided: Feb. 26, 1999.

Kathryn B. Lunger, Assistant Public Defender, Office of the Public Defender, Wilmington, for appellant.

John Williams, Deputy Attorney General, Department of Justice, Dover, for appellee.

Before VEASEY, Chief Justice, WALSH, and HARTNETT, Justices.

WALSH, Justice:

In this appeal from the Superior Court we address, as a matter of first impression, the constitutionality of 11 *Del.C.* § 3513, Delaware's "tender years" hearsay exception for alleged victims of child sexual abuse. We conclude that the statute's requirement of a judicial determination of particularized guarantees of trustworthiness renders it not violative of the Confrontation Clause of the United States Constitution or the Delaware Constitution. We further conclude that the notice requirement of the statute was satisfied in this case. Accordingly, we affirm.

I

The appellant, Kenneth Thomas ("Thomas"), was charged with two counts of Unlawful Sexual Contact Second Degree, and three counts of Attempted Unlawful Sexual Intercourse First Degree involving his then three and one-half year old niece, Theresa.[1] The charge arose after Theresa made statements to her mother concerning her uncle's contacts with her. The child was taken for a medical examination by a pediatrician and a report was later made to the Delaware State Police.

A State Police detective met with Theresa and her mother the following day and, using anatomical dolls, the detective was able to secure statements from the child which indicated that she was alone with Thomas, that the two had no clothes on and that sexual contact had occurred.

Thomas was later interviewed by the police and, after receiving his *Miranda* warnings, initially denied any sexual contact with his niece and accused her of lying. Later in the interview, however, Thomas admitted attempting to put his penis in the child's vagina and touching her sexually. Thomas also admitted an attempted sexual contact in an incident that occurred a month earlier. At trial testifying in his own defense, Thomas

---

1. We have adopted a pseudonym to protect the child's identity pursuant to Supreme Court Rule 7(d).

recanted his incriminatory statements and claimed to have made those statements out of fear of the police.

At the commencement of trial, the State indicated that since the child, who was then four years old, was reluctant to testify in the presence of her uncle, it would introduce her prior out-of-court statements to her mother, her pediatrician and the police officer. The State proffered the statements under 11 *Del.C.* § 3513, which requires the court to make certain determinations concerning the child's ability to function as a witness. After conducting a hearing, at which the child testified in a somewhat fragmentary fashion and was cross-examined by defense counsel but outside the presence of the defendant, the trial court concluded that the child "is competent to relate what is true and what is false from that point of view." The court further noted that the child would not answer certain questions about the offense despite "persistent judicial requests." The court concluded that this reluctance "could mean she wants to lie or it could mean she doesn't want to tell what really happened because of her own particular reasons." In any event, the court ruled, she demonstrated a persistent refusal to testify because of fear or similar reasons and thus was "unavailable" within the meaning of the "tender years" statute.

## II

■■■ Thomas' attack on the admission of the child's out-of-court statements, without the opportunity to cross-examine her concerning either the circumstances or the context of the statements, implicates a dual standard of review. To the extent the claim is directed against the facial constitutionality of § 3513, our standard of review is *de novo*. *Abrams v. State*, Del.Supr., 689 A.2d 1185, 1187 (1997). Apart from the constitutional claims, we examine under an abuse of discretion standard the trial court's determination that the State is entitled to invoke the statute to secure admissibility of the statements, and the claim of insufficiency of notice. *Feleke v. State*, Del.Supr., 620 A.2d 222, 225 (1993).

The "tender years" statute applies to out-of-court statements made by "a child under 11 years of age . . . concerning an act that is

a material element of the offense[s] related to sexual abuse, or physical abuse. . . ." 11 *Del.C.* § 3513(a). The statute sets forth a procedure to be followed in order to establish a foundation for the admission of the child's statements:

(b) An out-of-court statement may be admitted as provided in subsection (a) of this section if:

(1) The child is present and the child's testimony touches upon the event and is subject to cross-examination rendering such prior statement admissible under § 3507 of this title; or

(2)a. The child is found by the court to be unavailable to testify on any of these grounds:

1. The child's death;

2. The child's absence from the jurisdiction;

3. The child's total failure of memory;

4. The child's persistent refusal to testify despite judicial requests to do so;

5. The child's physical or mental disability;

6. The existence of a privilege involving the child;

7. The child's incompetency, including the child's inability to communicate about the offense because of fear or a similar reason; or

8. Substantial likelihood that the child would suffer severe emotional trauma from testifying at the proceeding or by means of a videotaped deposition or closed circuit television; and

b. The child's out-of-court statement is shown to possess particularized guarantees of trustworthiness.

11 *Del.C.* § 3513(b).

The statute also contains a requirement of notice in subsection (d) and a list of thirteen criteria in subsection (e) which the court may consider, but is not limited to, in determining whether a statement possesses particularized guarantees of trustworthiness.

Thomas argues that § 3513 is vague and ill-defined in its standards for determining

the credibility of a child's testimony, thereby allowing testimony in court that violates a defendant's right to confront his accuser under the United States Constitution and Article I, Section 7 of the Delaware Constitution. He contends that there is a less restrictive means to achieve the State's goal, without resort to relaxing constitutional safeguards. The State counters that § 3513 does not violate the confrontation clauses under either the United States Constitution or the Delaware Constitution because it satisfies the evidentiary standards promulgated by the United States Supreme Court for determining the reliability of the testimony.

After reviewing case law, the Superior Court proceeded on the assumption that the statute was constitutional and concluded that it should be applied in this case to permit the State to introduce the statements made by the child to her mother, her pediatrician, and a police officer.

■ An out-of-court statement not falling in a firmly rooted hearsay exception is admissible if it bears adequate "indicia of reliability," where a showing has been made that there are "particularized guarantees of trustworthiness." *Ohio v. Roberts*, 448 U.S. 56, 66, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980); *Idaho v. Wright*, 497 U.S. 805, 814–15, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990). *Roberts* considered the introduction into evidence of preliminary hearing testimony of a witness not produced at trial. The Court ruled that once the witness has been shown to be unavailable,[2] the statement must be shown to have an indicium of reliability. 448 U.S. at 66, 100 S.Ct. 2531. Statements that do not fall within a firmly rooted exception do not enjoy an inference of reliability, and must be excluded absent a showing of "particularized guarantees of trustworthiness." *Id.*

In *Wright*, the Court approved *Roberts'* "general approach" in determining whether statements sought to be admitted under a hearsay exception satisfy Confrontation Clause concerns. *Wright*, 497 U.S. at 814–15, 110 S.Ct. 3139. The Court stressed that

Confrontation Clause prohibitions cannot be equated with the general rule prohibiting the admission of hearsay statements. *Id.* at 814, 110 S.Ct. 3139. The Confrontation Clause does bar some evidence that would otherwise be admissible under a hearsay exception, and the "general approach" is used to assure that such statements also meet the Confrontation Clause requirements. *Id.*

Various states have relied on *Wright* in determining the standards for admissibility of a child victim's statements that do not fall within a firmly rooted exception, but are sought to be introduced under a statutory exception similar to § 3513. *See* Robert G. Marks, Note, *Should We Believe the People Who Believe the Children? The Need for a New Sexual Abuse Tender Years Hearsay Exception Statute*, 32 HARV.J. ON LEGIS. 207 (1995).

■ States construing their own "tender years" statutes, consistent with *Wright*, have upheld that the Confrontation Clause requires courts to examine the proffered statement in the totality of circumstances, to ensure it possesses particularized guarantees of trustworthiness. *See State v. Storch*, Ohio Supr., 66 Ohio St.3d 280, 612 N.E.2d 305, 310–11, 314–15 (1993); *State v. Myatt*, Kan. Supr., 237 Kan. 17, 697 P.2d 836, 843 (1985); *Perez v. State*, Fla.Supr., 536 So.2d 206, 209–10 (1988), *cert. denied*, 492 U.S. 923, 109 S.Ct. 3253, 106 L.Ed.2d 599 (1989). As the Court made clear in *White v. Illinois*, there is no general requirement of unavailability. 502 U.S. at 354–55, 112 S.Ct. 736. Presently, for Confrontation Clause purposes, unavailability is clearly required only where the out-of-court statement was made in the course of a prior judicial proceeding. *Id.* at 354, 112 S.Ct. 736.

The Superior Court in a previous decision upheld the constitutionality of § 3513. In *State v. Krick*, Del.Super., 643 A.2d 331, 337 (1993) the court concluded, consistent with other state courts and the United States Supreme Court, that the Confrontation Clause required the child's out-of-court state-

---

**2.** The showing of unavailability is required when the out-of-court statements were made in the course of a prior judicial proceeding. *White v. Illinois*, 502 U.S. 346, 354, 112 S.Ct. 736, 116

L.Ed.2d 848 (1992). In *White*, the United States Supreme Court declined to impose an "unavailability rule" for all out-of-court statements. *Id.* at 354–55, 112 S.Ct. 736.

ments to possess particularized guarantees of trustworthiness. 11 *Del.C.* § 3513(b)(2)b uses this precise language.

Thomas compares the Delaware statute to a similar evidentiary rule in Arkansas which was held unconstitutional, on the basis that it violated the Confrontation Clause. He argues that the Arkansas rule was more protective of a defendant's rights because it provided a hearing to ascertain trustworthiness. He asserts that Delaware's standard of "particularized" guarantees is illusory because the statute has no mandatory criteria to determine whether a statement possesses such qualities, unlike the mandatory criteria in the Arkansas rule. The main thrust of this argument appears to be that Delaware's statute is inferior to the Arkansas statute, and should be found unconstitutional despite the Delaware statute's incorporation of the standard of "particularized guarantees of trustworthiness." The standard used in the Arkansas rule, however, was that of "reasonable likelihood of trustworthiness." *Vann v. State,* Ark.Supr., 309 Ark. 303, 831 S.W.2d 126, 128–29 (1992).

■ We believe the Arkansas rule to be significantly different from § 3513 and the decision invalidating it clearly distinguishable. The Arkansas Supreme Court found the evidentiary rule violative of the Confrontation Clause because it utilized a "far lesser standard," *i.e.* "reasonable likelihood of trustworthiness," than that required by the United States Supreme Court. *Vann,* 831 S.W.2d at 128–29. The Arkansas court did not address the necessity for a hearing, and the United States Supreme Court requires a "showing" that the particularized guarantees of trustworthiness are present, without indicating whether a hearing is required.

*Wright,* 497 U.S. at 815, 818, 110 S.Ct. 3139. Delaware's statute, however, implicitly mandates a hearing to satisfy the statutory requirement of a finding by the court that the child is unavailable. *Krick,* 643 A.2d at 336.

■ Thomas' argument that Delaware's statute violates the Confrontation Clause for failing to mandate criteria for assessing a statement's reliability is equally without merit. The United States Supreme Court has declined to endorse a "mechanical test" for determining "particularized guarantees of trustworthiness" under the Confrontation Clause, stating that courts have leeway in that determination, with the guiding principle being whether the child declarant was "particularly likely to be telling the truth when the statement was made." *Wright,* 497 U.S. at 822, 110 S.Ct. 3139. In *Wright,* the United States Supreme Court rejected the lower court's emphasis on the lack of procedural safeguards during a physician's interview of the child as barring admission of her statements. The Supreme Court ruled that the variety of circumstances under which out-of-court statements are made by children are great, and the Constitution did not impose a fixed set of procedures under which statements would be found to be admissible. *Id.* at 818–19, 110 S.Ct. 3139. In this case, although Thomas argues that a more fixed standard delineating what circumstances will support particularized guarantees of trustworthiness is necessary,[3] the statute does not violate the Confrontation Clause because such a standard is not required. Indeed, § 3513 contains a nonexclusive list of thirteen factors that may be applied in the determination of "particularized guarantees of trustworthiness."[4]

3. Thomas argues that the Court in *Wright* held the admission of the child's statements violated the Confrontation Clause *because of* the lack of procedural safeguards, and that this was evidence of their necessity. The Court specifically *rejected* the evidence of the safeguards as being dispositive. 497 U.S. at 818, 110 S.Ct. 3139.

4. These factors are:

(1) The child's personal knowledge of the event;

(2) The age and maturity of the child;

(3) Certainty that the statement was made, including the credibility of the person testifying about the statement;

(4) Any apparent motive the child may have to falsify or distort the event, including bias, corruption or coercion;

(5) The timing of the child's statement;

(6) Whether more than 1 person heard the statement;

(7) Whether the child was suffering pain or distress when making the statement;

(8) The nature and duration of any alleged abuse;

## III

■ Alternatively, Thomas argues that § 3513 should be found unconstitutional because less restrictive means exist to satisfy the government's purpose of protecting children through the use of the procedures set forth in 11 *Del.C.* § 3512 (presence of child victim's immediate family permitted during child's testimony) and § 3514 (use of closed circuit television permitted). This argument was rejected in *Krick* in which the court found that while both sections sought to protect children victims in similar circumstances, the protections differed in that § 3514 applied only when the child was available to testify. 643 A.2d at 337. In this case, the child is unavailable to testify and § 3514 does not apply.

■ Here, the trial court determined the child's unavailability under two separate statutory grounds § 3513(b)(2)a 4 (persistent refusal to testify despite judicial requests to do so) and § 3513(b)(2)a7 (incompetency, including the child's inability to communicate about the offense because of fear or a similar reason).[5] Notwithstanding the determination of two specific grounds under § 3513(b)(2)a, the trial court also assessed the child's statements under § 3513(b)(2)b to insure that they possessed "particularized guarantees of trustworthiness." The court's conclusion of unavailability and reliability were based, in large part, on a first-hand view of the witness and its own questioning. Under the circumstances, the court's ruling will be reversed only if arbitrary. *Feleke*, 620 A.2d at 225. We find no abuse of discretion in the ruling of the Superior Court.

(9) Whether the child's young age makes it unlikely that the child fabricated a statement that represents a graphic, detailed account beyond the child's knowledge and experience;

(10) Whether the statement has a "ring of verity," has internal consistency or coherence and uses terminology appropriate to the child's age;

(11) Whether the statement is spontaneous or directly responsive to questions;

(12) Whether the statement is suggestive due to improperly leading questions;

(13) Whether extrinsic evidence exists to show the defendant's opportunity to commit the

The court below recognized its obligation to determine if the statements possessed particularized guarantees of trustworthiness and found that Theresa's mother had no reason to lie, that Theresa had no reason to lie, that there were witnesses that the defense could call to verify the statements, and that the statements were spontaneous.

■ There is no specific test for what criteria constitute "particularized guarantees of trustworthiness," and courts are given leeway in the determination, with the guiding principle being whether the child was likely to be telling the truth. *Wright*, 497 U.S. at 822, 110 S.Ct. 3139. The trial court acknowledged these requirements and found that the statements were spontaneous and not made in response to suggestive or leading questions.

## IV

■ Finally, Thomas contends that the trial court incorrectly ruled that the notice contemplated by § 3513(d) is sufficient where the defense was informed of the State's contention to invoke the statute shortly before trial. The State responds that while formal notice was not given until the first day of trial, Thomas was on notice from the preliminary hearing that the child had made statements to others and were likely to be used. The Superior Court found that § 3513(d) does require notice, but that a fair reading of the transcript of the preliminary hearing placed Thomas on notice that the statements were available and would be used.

■ While § 3513(d) requires a proponent of the statement to inform the adverse party of an intention to offer the statement

act complained of in the child's statement.

11 *Del.C.* § 3513(e).

5. We do not address in this appeal whether the court's authority to excuse "incompetency" extends to situations in which the child is otherwise incompetent because of impaired cognitive powers. Declaring a witness "unavailable" on that basis raises separate constitutional concerns. The State acknowledged at oral argument that § 3513 addresses only incompetency attributable to the factors set forth in § 3513(b)(2)a7.

"sufficiently in advance of the proceeding to provide the adverse party with a fair opportunity to prepare a response to the statement before the proceeding at which it is offered" the statute contains no specific time requirements, nor does it specify the form of notice. The purpose of the notice is to avoid unfair surprise and permit trial preparation. Stephen A. Saltzburg, et al., FEDERAL RULES OF EVIDENCE MANUAL, Vol. 3, pp. 1932–33 (7th ed.1998) (discussing notice requirements under the Federal residual hearsay exception, F.R.E. 807, formerly F.R.E. 803(24)). All of the federal courts of appeals that have decided the question, with the exception of the Third Circuit, have apparently ruled that the adverse party has to be aware only of the existence of the evidence and its potential for use at trial. *Id.* at 1933. The Third Circuit requires that the opponent be notified about the evidence and the use of the residual exception. *United States v. Pelullo,* 3d Cir., 964 F.2d 193 (1992); *Kirk v. Raymark Indus., Inc.,* 3d Cir., 61 F.3d 147 (1995), *cert. denied,* 516 U.S. 1145, 116 S.Ct. 1015, 134 L.Ed.2d 95 (1996).

In this case, while the notice came late and the prosecutor conceded "an oversight" in not providing earlier notification of the intended use of the statute, the trial court correctly found that Thomas was on notice that the out-of-court statements were in existence. Given the age of the child, Thomas could reasonably anticipate that the child might be deemed unavailable. Moreover, the trial court offered defense counsel time to secure any witnesses the defense was interested in calling to testify concerning the child's ability to testify. The court noted that two adults who resided with the child were already on the witness list and thus were available to testify on the § 3513 issue.

Although we do not condone the State's tardy notice in this case, and consider the discharge of its duty under the statute to be minimal, we agree with the trial judge that Thomas is unable to demonstrate any prejudice that ensued from the State's failure to give earlier notice. Accordingly, we conclude that the trial court did not abuse its discre-

tion in permitting the § 3513 hearing to proceed on the first day of trial.

In sum, we find § 3513 to be constitutional under both the United States Constitution and the Delaware Constitution art. I, § 7, on its face and as applied in this case.[6] We further conclude that the trial court did not abuse its discretion in admitting the child's out-of-court statements or in finding that sufficient notice was provided. Accordingly, the judgment of the Superior Court is AFFIRMED.

---

6. Although our analysis focuses on the United States Constitution, the result is the same under

the Delaware Constitution. *Compare McGriff v. State,* Del.Supr., 672 A.2d 1027, 1030 (1996).