# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE )
)
v. ) ID No. 2301011545
)
GERALD ROBERSON, )
)
Defendant. )

Submitted: January 2, 2024
Decided: January 25, 2024

## MEMORANDUM OPINION AND ORDER

*Upon State's Motion to Take Testimony of the Victim Outside the Courtroom*
**GRANTED**

Nicholas R. Wynn, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware. *Attorney for the State of Delaware.*

James O. Turner, Esquire, Wilmington, Delaware. *Attorney for Defendant Gerald Roberson.*

**BUTLER, R.J.**

The Court has before it a motion filed by the State to take the testimony of a child complainant outside the courtroom pursuant to 11 *Del. C.* § 3514. The Defense has been given an opportunity to respond and the Court has heard from a nurse counselor for the child at a pretrial hearing.

## BACKGROUND

The Defendant has been charged with multiple counts of Rape, 1st degree. The charge is that he repeatedly raped his then seven-year-old daughter. She is now 10. While not entirely clear, it appears she made disclosures to her mother after her father had been taken into custody on separate charges. Mother contacted the New Castle County Police, who responded and took a report. That report led to the child being interviewed at the Children's Advocacy Center at the A.I. Dupont Hospital. That interview was videotaped.

Once the case proceeded to the Dept. of Justice, the State says it "has been in constant contact with the victim and her mother and throughout these meetings and discussions it has become clear that the victim is terrified of the defendant."[1]

At a prior hearing in this matter, the State produced the child's counsellor, Coleen O'Connor, MS, NCC. Ms. O'Connor testified that the child is quite fearful

---

[1] State's Mot. to Take Testimony of the Victim Outside the Courtroom Pursuant to 11 *Del. C.* § 3514 ¶ 3.

1

of her father and would "shut down" if required to communicate in front of him. She further testified that the child would suffer serious emotional distress from being in the same room with him.

The State filed the instant motion, which seeks to permit the child to testify from an adjoining courtroom from the one containing the defendant for trial. The defense has interposed an objection based upon the Confrontation Clause of the Delaware Constitution. Most provocative among these objections was that the separate courtroom presentation, although authorized by the General Assembly pursuant to 11 *Del. C.* § 3514, would violate the "face to face" provision under the Confrontation Clause of the Delaware Constitution.[2]

## DISCUSSION

There are two statutes at play here. 11 *Del. C.* § 3513 provides that prior, out of court statements by a child victim under 11 years of age may be admitted at trial, and without the opportunity for cross examination, provided at least one of 8 conditions are met. These include the child's death, disability, total failure of memory or absence from the jurisdiction. For our purposes, the "child's incompetency, including the child's inability to communicate about the offense

---

[2] Del. Const. art. I, § 7.

because of fear or a similar reason"[3] may supply the basis for admissibility. Similarly, upon a showing of a "substantial likelihood that the child would suffer severe emotional trauma from testifying at the proceeding or by means of a videotaped deposition or closed-circuit television" provided this "unavailability" is supported by expert testimony.[4] A finding of "unavailability" under any of these criteria would then require the court to find that the statement possesses "particularized guarantees of trustworthiness" but, upon so finding, the statement is admissible despite the defendant's inability to confront or cross examine the accuser. Notably, this statute has withstood a rigorous review of its constitutionality by the Delaware Supreme Court, under both the U.S. Constitution and the Delaware State "face to face" clause. In *McGriff v. State*, the Court found the "face to face" mandate of the Delaware Constitution satisfied by the requirement that the trial court find "particularized guarantees of trustworthiness."[5]

---

[3] 11 *Del C.* § 3513(b)(2a)(7).
[4] 11 *Del C.* §§ 3513(b)(2a)(8), (c).
[5] *McGriff v. State*, 781 A.2d 534, 540-41 (Del. 2001); s*ee also Thomas v. State*, 725 A.2d 424, 426 (Del. 1999) ("We conclude that the statute's requirement of a judicial determination of particularized guarantees of trustworthiness renders it not violative of the Confrontation Clause of the United States Constitution or the Delaware Constitution.").

Thus, there is little question but that, if the child were found to be "unavailable" under section 3513 and the Court made the required finding, her prior statements would be admissible at trial whether she came to the courthouse or not.

11 *Del. C.* § 3514 provides for the taking of a child's testimony "outside the courtroom and shown in the courtroom by means of secured video connection," provided the court finds that the child of less than 11 would suffer "serious emotional distress such that [she] cannot reasonably communicate" in the live courtroom. Under such proceedings, only the prosecutor, defense counsel, camera technicians and support for the child are permitted.[6] The judge and the Defendant stay in the "live" courtroom.[7] This means of procuring the witness' testimony does not allow direct, "face to face" confrontation between the child and the defendant but, some might argue, it at least permits a modicum of cross examination of the witness by counsel for the accused – a right that is non-existent when the testimony is offered under section 3513.

While Defendant has urged that the State's proposed utilization of section 3514 to bring the child to the courthouse, put her in a courtroom and make her available for cross examination by defense counsel denies the Defendant his right to "face to face" confrontation under the Delaware Constitution, the Court believes that

---

[6] 11 *Del. C.* § 3514(b)(1).
[7] 11 *Del. C.* § 3514(b)(2).

4

argument is foreclosed by the Supreme Court's ruling in *McGriff* discussed above. Surely, if the child's statements can be admitted against the accused with no cross examination at all as permitted under *McGriff* and section 3513, then the accusations can be admitted against the accused from a closed monitor from an adjoining courtroom from which defense counsel is able to cross examine the accuser on behalf of his client.

The State's motion to take the testimony of the child witness via remote feed from a separate courtroom is **GRANTED**. Further, the Court finds that requiring the witness to testify in the physical presence of the defendant would cause the child to suffer serious emotional distress such that she will not be able to reasonably communicate.

Therefore, the Court finds that the child's testimony may be taken in a remote courtroom pursuant to 11 *Del. C.* § 3514.

**IT IS SO ORDERED.**

**/s / Charles E. Butler**
**Charles E. Butler, Resident Judge**