CEDRIC K. MCGRIFF, Defendant Below-Appellant,
v.
STATE OF DELAWARE Plaintiff Below, Appellee.
No 49, 2006.
Supreme Court of Delaware.
Submitted: April 30, 2007.
Decided: May 18, 2007.
Before STEELE, Chief Justice, HOLLAND, BERGER, JACOBS and RIDGELY, Justices, constituting the Court en Banc.

ORDER
HENRY DUPONT RIDGELY, Justice.
This 18th day of May 2007, it appears to the Court that: (1) Appellant Cedric K. McGriff appeals the denial of his motion for post-conviction relief from his convictions of Unlawful Sexual Intercourse First Degree and Unlawful Sexual Contact Second Degree. McGriff initially argued that the Superior Court erred in finding that Crawford v. Washington[1] did not apply retroactively to his case. This Court heard oral argument on the matter and then stayed this appeal pending the United States Supreme Court's decision on whetherCrawford is to be applied retroactively which was at issue in Whorton v. Bockting.[2] On February 28, 2007 the United States Supreme Court decided that Crawford did not apply retroactively in federal habeas corpus review. We then directed the parties to file supplemental memoranda addressing that decision. McGriff has argued in his supplemental memorandum that it would be a miscarriage of justice to allow his convictions to stand. After considering all the arguments presented, we find no merit to McGriff's appeal. Accordingly, we affirm.
(2) In Bockting, the United States Supreme Court held that "Crawford announced a 'new rule' of criminal procedure and that this rule does not fall within the Teague exception for watershed rules."[3] Accordingly, Crawford would not apply retroactively to McGriff's case on federal habeas corpus review. We have consistently followed federal habeas corpus jurisprudence when addressing the issue of retroactivity on postconviction review under Delaware's postconviction rule.[4]
(3) Despite acknowledging our recognition of federal habeas corpus jurisprudence in construing Delaware's post-conviction rule,[5] McGriff argues that "all of the evidence proving the elements of the offense resulting in a life sentence was proven through the constitutional violation and it would be a miscarriage of justice to provide jurisdiction to impose a life sentence under these circumstances . . . ."
(4) McGriff's argument is unpersuasive. McGriff was not convicted in violation of his right of confrontation. This Court upheld McGriff's conviction on direct appeal, consistent with the case law applicable at that time.[6] Because Crawford does not apply retroactively, the caselaw in effect at the time of McGriff's direct appeal has not been overturned and it continues to apply in any postconviction review of the proceedings leading to McGriff's convictions. The constitutional validity of McGriff's conviction has been formerly adjudicated and upheld. The Superior Court did not abuse its discretion when it dismissed McGriff's motion for postconviction relief because it was barred by Superior Court Criminal Rule 61(i)(4).
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] 541 U.S. 36 (2004).
[2] 127 S.Ct. 1173 (2007).
[3] Id. at 1184.
[4] See, e.g., Bailey v. State, 588 A.2d 1121, 1126-29 (Del. 1991); Flamer v. State, 585 A.2d 736, 748-49 (Del. 1990); Younger v. State, 580 A.2d 552, 554-56 (Del. 1990).
[5] McGriff concedes in his Opening Supplemental Memorandum that "Delaware judicial decisions have consistently utilized federal habeas corpus decisional law, almost since Delaware's post-conviction rule was promulgated, in construing its own post-conviction rule to deny post conviction claims, including claims of retroactivity, under Delaware's post-conviction rule."
[6] McGriff v. State, 781 A.2d 534 (Del. 2001).