**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

|  |  |  |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | ID#9504002666 |
| v. | ) | |
| | ) | |
| JEFFREY R. FOGG, | ) | |
| | ) | |
| Defendant | ) | |

Submitted: August 18, 2016
Decided: November 4, 2016

On Defendant's "Amended Omnibus Motion for Postconviction Relief."
**DENIED.**

# ORDER

John Williams, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Edward C. Gill, Esquire, Law Office of Edward C. Gill, P.A., Georgetown, Delaware, Attorney for Defendant.

COOCH, R.J.

This 4th day of November 2016, upon consideration of Defendant's "Amended Omnibus Motion for Postconviction Relief," it appears to the Court that:

1.  On April 15, 1996, a jury found Defendant and his Co-Defendant, Daryl Andrus, guilty of non-capital Murder First Degree and Conspiracy First Degree.[1] This Court subsequently sentenced Defendant to Level V supervision for life on the Murder First Degree charge, with a consecutive sentence of five years at Level V supervision suspended after four years for one

---

[1] D.I. 52.

1

year at Level III supervision on the Conspiracy First Degree charge. Defendant's conviction was affirmed by the Delaware Supreme Court on appeal.[2]

2. Prior to filing this Motion for Postconviction Relief, Defendant filed one other *pro se* motion for postconviction relief. On September 10, 2002, this Court initially denied in part Defendant's first Motion for Postconviction Relief.[3] One claim asserting a *Brady* violation was left unaddressed for several years because a witness necessary to deciding that claim was unavailable to testify on the issue.[4] On July 6, 2012, after obtaining the presence of that witness and holding a hearing in which he testified to the claims made in the alleged *Brady* violation, this Court found the remaining claim in Defendant's first Motion for Postconviction Relief was procedurally barred

---

[2] *Fogg v. State*, 1998 WL 736331 (Del. Oct. 1, 1998). In his direct appeal, Defendant made two claims for why his conviction should be reversed. First, Defendant contended that "his [pre-trial] statements to the police were taken in violation of his *Miranda* rights under the Fifth Amendment to the United States Constitution and Article I, Section 7 of the Delaware Constitution. Second, Defendant contended the trial court erroneously found that a statement he made to the police "was the product of a voluntary, knowing and intelligent waiver of his *Miranda* warnings." The Delaware Supreme Court *sua sponte* raised a third issue as to whether an incriminating statement made by Defendant's Co-Defendant "was admitted into evidence in violation of *Bruton v. United States*." The Supreme Court held that Defendant's contentions were without merit. The Court remanded the *Bruton* issue to the trial court for further fact finding. The State conceded that the admission of the Co-Defendant's incriminating statement against Defendant violated Defendant's rights under *Bruton*, and the trial court determined that "redaction (rather than severance) would have been the appropriate remedy given [Co-Defendant's] out-of-court statements." *Fogg v. State*, 2002 WL 31053868 (Del. Super. Sept. 10, 2002). The Supreme Court held that the *Bruton* violation amounted to harmless error and affirmed Defendant's conviction on direct appeal.

[3] *State v. Fogg*, 2002 WL 31053868 (Del. Super. Sept. 10, 2002) (denying in part Defendant's first Motion or Postconviction relief in which he contended that: (1) he "was denied his right to confront and cross-examine [Co-Defendant] when [Co-Defendant] failed to take the witness stand relative to his out-of-court statements introduced at trial;" (2) "[the trial court] erred when it did not instruct the jury on accomplice liability; and (3) Defendant's counsel was ineffective for failing to object to the out-of-court statements made by Co-Defendant pertaining to Defendant's involvement in the victim's death), *aff'd*, 2002 WL 31873705 (Del. 2002).

[4] *State v. Fogg*, 2010 WL 2891500 (Del. Super. July 22, 2010).

2

without merit and denied the balance of his motion.[5]  Defendant now brings this, his second, motion for postconviction relief.[6]

3.  Before reaching the merits of a Motion for Postconviction Relief, this Court must ensure that Defendant's motion is not procedurally barred by Superior Court Criminal Rule 61(i)(2).[7] As this is Defendant's second motion for postconviction relief under Rule 61, and filed by retained private counsel, it is a successive motion and Defendant must show that either (1) "new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted" or (2) "a new rule of constitutional law, made applicable to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction . . . invalid."[8]  If Defendant cannot satisfy the exceptions to the procedural bar set forth by Rule 61(d)(2), then his motion must be denied.[9]

4.  Defendant contends that he has satisfied both exceptions to the procedural bar set forth in Rule 61(d)(2).  First, Defendant contends that "new evidence of actual innocence" exists showing that the Co-Defendant at Defendant's trial was the only perpetrator of the offense.[10]  Second, Defendant contends

---

[5] *State v. Fogg*, 2012 WL 2356466 (June 6, 2012), *aff'd*, 2012 WL 6553921 (Del. Dec. 13, 2012) (affirming on the basis of the trial court's decision in *State v. Andrus*, 2010 WL 2878871, (Del. Super. July 22, 2010) (finding no *Brady* violation and, if there was such a violation, no prejudice to Co-Defendant)).

[6] Initially, Defendant filed *pro se* a Motion for Postconviction Relief with various contentions on why relief should be granted. Defendant subsequently retained private counsel to represent him on this motion. Defendant's privately retained counsel abandoned some claims and pursued the ones discussed below when he filed Defendant's "Amended Omnibus Motion for Postconviction Relief."

[7] Superior Court Criminal Rule 61(i)(2) provides:

> (2) *Successive Motions*.  (i) No second or subsequent motion is permitted under this rule unless that second or subsequent motion satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule.

[8] Super. Ct. Crim. R. 61(d)(2)(i-ii).

[9] Super. Ct. Crim. R. 61(d)(2).

[10] Defendant only asserted a separate claim of "new evidence of actual innocence" in Defendant's Reply in Support of his Amended Omnibus Motion for Post-Conviction

that his conviction is rendered invalid by *Cooke v. State*, which he suggests establishes a new retroactively applicable constitutional right to control the defense of one's criminal trial.[11]

5.  The State contends that Defendant's "Amended Omnibus Motion for Postconviction Relief" is procedurally barred. The State first asserts that Defendant has discovered no new evidence that creates a strong inference of actual innocence, and rather that Defendant is attempting to reargue whether or not the evidence presented at trial was sufficient to convict him of the charges. Second, the State contends that *Cooke* did not create a new rule of constitutional law, and, even if it did, it is not one that can be applied retroactively because it does not fall into one of the two exceptions to the rule of non-retroactivity set for the by *Teague v. Lane*.[12]

6.  Defendant first contends that "new evidence" exists that proves he is actually innocent of the crimes for which he was convicted. "New evidence" is evidence that was not available at the time of trial but has since been discovered.[13] To satisfy the exception to the procedural bar set forth in Rule 61(d)(2)(i), such new evidence must create a "strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted."[14]

---

Relief. It does not appear that such a claim was made in the Amended Omnibus Motion for Postconviction Relief. However, given that the State was given an opportunity to respond to this claim in a Supplemental Answer to Amended Omnibus Second Motion for Postconviction Relief, this Court will address the claim on its merits.

[11] *Cooke v. State*, 977 A.2d 803 (Del. 2009). In Defendant's Amended Omnibus Motion for Postconviction Relief, Defendant also contended that *Crawford v.Washington*, 541 U.S. 36 (2004) created a retroactively applicable new constitutional right. However, Defendant abandoned this claim in his Reply in Support of his Amended Omnibus Motion for Post-Conviction Relief, conceding that the Delaware Supreme Court held that *Crawford* was not retroactively applicable in *McGriff v. State*, 2007 WL 1454883 (Del. 2007).

[12] 489 U.S. 288 (1989).

[13] *See State v. Wright*, 2006 WL 1685821, at *1 (Del. Super. Mar. 29, 2006) (defining "new evidence" in the context of a Super. Ct. Crim. R. 33 motion for a new trial based on newly discovered evidence).

[14] Super. Ct. Crim. R. 61(d).

4

7.  Defendant proffers no new evidence that would create a strong inference of "actual" innocence. Rather than present new evidence, Defendant argues that the evidence presented at trial was insufficient to convict him of Murder First Degree. Defendant contends that the blood splatter evidence does not support the method in which the State suggested the victim was killed. Defendant also contends that the only boot marks on the victim were the size of the boots worn by the Co-Defendant. Finally, Defendant contends that the bruises on the victim were inflicted by a person wearing a specific ring belonging to the Co-Defendant. Defendant has not asserted that any of this is "new evidence." Rather, Defendant is making arguments based on the sufficiency of the evidence presented at trial. Additionally, Defendant's claim of actual innocence is diminished by the fact that Defendant has previously contended that he only should have been convicted of manslaughter.[15] Even in this proceeding, Defendant contended in his second *pro se* Amended Motion for Postconviction Relief that he should only have been convicted of one of the lesser included offenses of Murder First Degree, such as Murder Second Degree or Manslaughter.[16] Accordingly, because Defendant has failed to present any new evidence that creates a strong inference of actual innocence, Defendant's first claim is without merit.

8.  Next, Defendant contends that his trial counsel denied him the right to control his defense in that he was not permitted to testify, despite his desire to do so.[17] Defendant asserts that the right to control the defense of one's criminal trial is a new constitutional right established in *Cooke v. State*, and that *Cooke* is retroactively applicable to Defendant's case and renders his conviction invalid. As the Delaware Supreme Court

---

[15] *State v. Fogg*, 2012 WL 2356466, at *5 (Del. Super. June 6, 2012).

[16] Def.'s Am. Mot. for Postconviction Relief, at 3. Defendant made this contention in his *pro se* Amended Motion for Postconviction Relief, filed November 13, 2015, which was subsequently abandoned in his "Amended Omnibus Motion for Postconviction Relief." However, it is still noteworthy that Defendant would make such a contention in a *pro se* filing.

[17] Defendant raises this claim for the first time on collateral review. Not only did this Court conduct a thorough colloquy ensuring that Defendant was aware of his right to testify and that he made a knowing and voluntary waiver of that right, but Defendant did not raise this claim on direct appeal.

5

held in *Flamer v. State*, "a 'new rule' [of constitutional law exists] when it breaks new ground or imposes a new obligation on the states or federal government or if the result was not *dictated* at the time a defendant's conviction became final."[18] "In *Flamer v. State*, this Court adopted a general rule of non-retroactivity for cases on collateral review as employed by the United States Supreme Court in *Teague v. Lane*."[19] The rule of non-retroactivity for cases on collateral review is subject to two exceptions: (1) if the criminal conduct has since been held to be constitutionally protected activity; and (2) the new rule involves a "'watershed' criminal procedural development."[20] A "watershed" rule of criminal procedure is established when the rule "improves the accuracy of criminal prosecutions and alters the understanding of a bedrock procedural element essential to fairness."[21]

9.     In *Cooke v. State*, the Delaware Supreme Court held that the defendant's trial counsel violated his constitutional right to make the fundamental decisions in the defense of his case.[22] Over the defendant's objection, the defendant's trial counsel sought a verdict of guilty but mentally ill.[23] The defendant opposed this strategy and asserted that he was of sound mind and factually innocent of the crime with which he was charged. However, the defendant's trial counsel proceeded on the theory of guilty but mentally ill.[24] Relying on Superior Court Criminal Rule 11(a), which provides that it is a defendant's choice whether or not to plead guilty, the Delaware Supreme Court held that it is a defendant's right to decide whether or not to plead guilty, and that trial counsel's decision to pursue a verdict of guilty but mentally ill denied the defendant his right to make that decision.[25] In reaching its decision, the Court held that when the defendant's trial counsel refused to permit the

---

[18] *Flamer v. State*, 585 A.2d 736, 749 (Del. 1990) (emphasis in original).

[19] *State v. Desmond*, 2013 WL 1090965, at *2 (Del. Super. Feb. 26, 2013); *see also Teague v. Lane*, 489 U.S. 288 (1989).

[20] *Desmond*, 2013 WL 1090965, at *2.

[21] *Id.*

[22] *Cooke v. State*, 977 A.2d 803, 841-53 (Del. 2009).

[23] *Id.* at 842-43.

[24] *Id.*

[25] *Id.* (citing Super. Ct. Crim. R. 11(a)).

6

defendant to testify—despite his desire to do so in order to assert his innocence and lack of mental illness—the defendant's trial counsel violated his constitutional right to testify on his own behalf.[26] In order to permit the defendant to exercise his constitutional right to testify on his own behalf, the Court allowed the defendant to testify.[27]

10. Defendant contends that *Cooke* established a new retroactively applicable constitutional right to "dictate what defense is to be presented at trial."[28] However, Defendant's reading of *Cooke* is inaccurate. The *Cooke* decision applied the rules of law that it is a defendant's right to decide whether to plead guilty[29] or testify on his or her own behalf.[30] When the Court permitted the defendant to take the stand and testify, it was permitting the defendant to exercise his right to testify and to plead not guilty to the crimes with which he was charged. As these were previously established rules of constitutional law, Defendant's second claim fails to cite any new rule of constitutional law that would satisfy the exception to the procedural bar set forth in Rule 61(d)(2)(ii). Accordingly, Defendant's Amended Omnibus Motion for Postconviction Relief is procedurally barred by Rule 61(i).

Therefore, Defendant's "Amended Omnibus Motion for Postconviction Relief" is **DENIED**.

/s/ *Richard R. Cooch*

Richard R. Cooch, R.J.

oc: Prothonotary
cc: Investigative Services

---

[26] *Cooke*, 977 A.2d at 844.
[27] *Id.*
[28] Def.'s Reply in Supp. of his Am. Omnibus M. for Post-Conviction Relief, at 3.
[29] *Brookhart v. Janis*, 384 U.S. 1, 7 (1966).
[30] *See Rock v. Arkansas*, 483 U.S. 44, 53 (1987) (stating that it is a criminal defendant's right to testify).

7